UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUDREE E-S.,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                    Defendant. | Case No.:  23-cv-1655-W-KSC<br><br>**REPORT AND RECOMMENDATION FOR ORDER REVIEWING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Doc. No. 1. Having reviewed the parties' briefing and the Administrative Record ("AR"), the Court submits this Report and Recommendation to the assigned District Judge.

**I. BACKGROUND**

Plaintiff applied for Disability Insurance Benefits on October 27, 2020. 190-96.[1] The Social Security Administration denied the claim on February 25, 2021. AR 72-83. The Administration denied plaintiff's claim upon rehearing on May 20, 2021. AR 85-103.

---

[1]     The Court adopts the parties' citations to the certified record in this matter. All other citations reflect pagination assigned by the Court's CM/ECF case management system.

1

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 24, 2021. AR 125-26. Plaintiff, represented by counsel, appeared before the ALJ on May 13, 2022. AR 34-66. Plaintiff's attorney and the ALJ both examined plaintiff at the hearing, and the ALJ received testimony from a vocational expert. *Id*. After reviewing the documentary evidence in the record and hearing the witnesses' testimony, on July 28, 2022, the ALJ ultimately concluded plaintiff was not disabled. AR 14-29.

The ALJ's decision followed the five steps prescribed by applicable regulations under which the ALJ must sequentially determine (1) if the claimant is engaged in substantial gainful employment; (2) whether the claimant suffers from a "severe" impairment; (3) if any impairment meets or is medically equal to one of the impairments identified in the regulatory Listing of Impairments; (4) the claimant's residual functional capacity ("RFC") and whether the claimant could perform any past relevant work; and (5) whether a claimant can make an adjustment to other work based on his or her RFC. *See* 20 C.F.R. § 404.1250(a)(4); AR 18-19. The ALJ's evaluation ends if at any individual step the ALJ finds the claimant is or is not disabled. *See* 20 C.F.R. § 404.1250(a)(4).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since October 27, 2020, the date of her initial disability application. AR 19. At step two, the claimant found plaintiff had the following severe impairments: lumbar disc degeneration, diabetes mellitus, and essential hypertension. *Id.* The ALJ also noted the following non-severe impairments: abdominal pain, iron deficiency anemia, vitamin D deficiency, acute gastritis, chronic rhinitis, exercise induced asthma, rectal bleeding, anxiety, and depression. AR 19-20. At step three, the ALJ found none of plaintiff's impairments met or exceeded the severity of the regulatory listings. AR 21.

At step five, the ALJ found plaintiff had the RFC to perform light work, except plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours and sit for 6 hours in an 8-hour workday, and push or pull as much as she could carry. AR 22. Also, plaintiff had no limitations on her ability to climb ramps or stairs, but she could only occasionally climber ladders, ropes, or scaffolds. *Id.* The ALJ found plaintiff

23cv1655

had no limitations as to balancing, and she could frequently stoop, kneel, and crouch. *Id.* The ALJ also found plaintiff could only occasionally crawl, and she had to avoid concentrated exposure to extreme heat, cold, humidity, fumes, dust, odors, gases, and poor ventilation. AR 22-23. Finally, the ALJ found plaintiff must avoid unprotected heights and dangerous moving machinery. AR 23.

Concluding step four, the ALJ found plaintiff could perform past relevant work as an auto salesperson and a still photographer. AR 27. Finally, at step five, the ALJ found there were jobs in the national economy that plaintiff could also perform, including mail clerk, cleaner/housekeeper, and "[c]an filling and closing machine tender." AR 28-29. The ALJ accordingly concluded plaintiff was not disabled. AR 29. The Commissioner's decision became final on July 12, 2023, when the Appeals Council denied plaintiff's request for review. AR 1-6. This appeal followed.

## II. STANDARD OF REVIEW

This Court will affirm the ALJ's decision if (1) the ALJ applied the correct legal standards; and (2) the decision is supported by substantial evidence. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under the substantial evidence standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if there is evidence in the record to support more than one rational interpretation, the Court will defer to the Commissioner. *Id.*

Even if the ALJ makes an error, this Court can nonetheless affirm the denial of benefits if such error was "harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). The Court's ability to uphold the ALJ's decision is limited in that this Court may not make independent findings and therefore cannot uphold the decision on a ground not asserted by the ALJ. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

////

////

3

23cv1655

### **III. ANALYSIS OF THE COMMISSIONER'S DECISION**

Plaintiff identifies the following issues for review: whether the ALJ's finding of a non-severe mental impairment was supported by substantial evidence and whether the ALJ properly rejected plaintiff's subjective symptom testimony. The Court will address each issue in turn.

### **(A) Whether the ALJ Erred by Finding a Non-Severe Mental Impairment**

Plaintiff argues the ALJ erred by finding her anxiety and depression were non-severe mental impairments. Doc. No. 12 at 4. Even if a step-two non-severity finding is erroneous, any error is harmless when the ALJ includes non-severe impairments in the RFC analysis at step four. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, the ALJ concluded plaintiff's mental impairments were non-severe. AR 20. However, the ALJ correctly noted the obligation at step four to consider the impact of all non-severe impairments on the plaintiff's RFC. AR 18. Then, at step four, the ALJ fully considered plaintiff's mental impairments and their impact on her ability to work. AR 23-24. Plaintiff does not attempt to explain how the ALJ's RFC analysis would have been different if the ALJ had classified the mental impairments as severe. The Court concludes the non-severity finding at step two was therefore inconsequential to the outcome of the Commissioner's determination, and even if it had been erroneous, it would not be grounds to reverse. *See Lewis*, 498 F.3d at 911.

### **(B) Whether the ALJ Improperly Rejected Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erroneously rejected her subjective symptom testimony. *See* Doc. No. 12 at 9-14. "A claimant's subjective symptoms, if credited, are relevant to the determination of a claimant's [RFC]. . . . The RFC is used at step four to determine if a claimant can do past relevant work and at step five to determine if a claimant can adjust to other work." *Ferguson v. O'Malley*, 95 F.4th 1194, 1198 (9th Cir. 2024) (internal citations omitted). "To determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis: 'First, the ALJ must determine whether the

23cv1655

claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1199 (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). If step one is satisfied, the ALJ can only reject the plaintiff's testimony for "clear and convincing reasons," which ultimately requires the ALJ to "show [their] work." *Id.* (citations and internal quotation marks omitted).

The ALJ in this case identified the following subjective symptom testimony provided by plaintiff at the hearing:

> At the hearing, the claimant testified to an inability to work because of back pain and diabetes. She has throbbing pain in her back with sitting, moving or walking. She has to alternate and change positions because of her pain. She has to lay on a pillow or on her side because of the pain. Due to her back pain, she could lift or carry no more than 5 pounds with her right hand. She could sit for 15 minutes, after which she has to change positions. She is unable to sit for long periods because of back pain and stiffness. She could stand for 10 minutes and walk for 5 minutes. She mentions that her feet swell when she walks for long periods. She has problems with bending and crawling. Her knees hurt when she puts weight on them. She has fatigue and anemia, and she tends to feel lethargic during the day. She has insomnia and this causes sleep disturbances. She is not able to function during the day because she is tired. She has high blood pressure and this causes her to have racing heartbeat. She has diarrhea every morning and this takes a couple of hours. She also [has] abdominal pain and nausea. Every now and then, she would get large amounts of rectal bleeding. She has asthma and this causes her to have shortness of breath with exertional activities. She states that she becomes short of breath when she goes up the stairs. She uses an inhaler daily to manage her asthma. She also mentions dizziness, nausea and diarrhea as side effects from her medications.
>
> Mentally, she has depression and anxiety. She states that she has issues with short term memory and problems maintaining focus and concentration. She would normally forget things after five minutes. She needs reminder for her doctors' appointments and day-to-day activities. She does not socialize with others and distances herself from people. She only goes outside when she has a need to. She lives with her youngest and oldest children. She relies on her daughter to help with daily activities.

23cv1655

AR 23-24.[2] The ALJ found the first prong of the subjective symptom testimony test was satisfied because plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 24. However, the ALJ rejected plaintiff's testimony because it was "not entirely consistent with the record." *Id.*

At step two of the subjective symptom testimony analysis, an ALJ must identify which testimony is not credible and specifically link that testimony to evidence in the record that undercuts the credibility of the testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015); *accord Ferguson*, 95 F.4th at 1200-01. The ALJ may not simply make the conclusory statement that plaintiff's testimony is not credible because it is inconsistent with the record and then proceed with an RFC analysis. *Brown-Hunter*, 806 F.3d at 493-94. This is because the obligation to provide clear and convincing "reasons" for discounting a plaintiff's testimony is separate and distinct from any obligation to summarize record evidence that supports an RFC determination. *Id.*

Here, the ALJ provided a boilerplate statement that plaintiff's testimony was inconsistent with the record, and then performed an RFC analysis summarizing medical- and other record evidence purportedly supporting the RFC determination. AR 24-27. The RFC analysis amounts to little more than summaries of the evidence periodically followed by the single-sentence conclusion that "claimant can perform light work with postural and environmental limitations to account for deficits from these impairments," or variations thereof. *See id.* The ALJ did not specifically identify the various impairments identified in plaintiff's testimony. For example, plaintiff identified an inability to walk, sit, or stand for more than 5-15 minutes, but nowhere in the ALJ's RFC analysis does there appear a ***reason*** why the ALJ found this assertion not credible. Similarly, although plaintiff testified about

---

[2]    Plaintiff does not suggest the ALJ omitted any material testimony. *See* Doc. No. 12 at 9, 11. The Court's independent examination of the record confirms the ALJ accurately identified plaintiff's subjective symptoms. *See* AR 39-44, 47, 49-56.

serious difficulties concentrating, the ALJ did not identify this testimony specifically and link it to evidence that might be used to rebut that testimony. The ALJ failed to identify all the other subjective symptoms and rebut them as well. The ALJ's list of citations to the record and series of boilerplate conclusions was insufficient to discharge the duty to provide "clear and convincing reasons" for rejecting plaintiff's testimony in this case. Accordingly, the Court concludes the decision was not supported by substantial evidence. *See Ferguson*, 95 F.4th at 1199 (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)).

## IV. CONCLUSION

This Court recommends the District Judge enter an order VACATING the final decision of the Commissioner and REMANDING for further proceedings. On remand, the ALJ shall reevaluate the record and issue a new decision that properly discharges the obligation to evaluate plaintiff's subjective symptom testimony.

Any objections (or responses thereto) to this Report and Recommendation shall be filed within the time limits allowed by Federal Rule of Civil Procedure 72(b).

**IT IS SO RECOMMENDED AND ORDERED**

Dated: July 18, 2024

Hon. Karen S. Crawford
United States Magistrate Judge

23cv1655